STATE OF CONNECTICUT *v.* NORMAN THERIAULT
(9284)

NORCOTT, FOTI and LAVERY, Js.

Argued January 16—decision released April 23, 1991

*Frank J. Halloran,* assistant public defender, for the appellant (defendant).

*Harry Weller,* assistant state's attorney, with whom, on the brief, were *Mary Galvin,* state's attorney, and *Mark L. Hurley,* assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from a judgment of conviction of one count of burglary in the third degree in violation of General Statutes § 53a-103 (a), and one count of larceny in the first degree in violation of General Statutes § 53a-122 (a) (2), arising from an incident that took place on October 17, 1989, and of one count of burglary in the second degree in violation of General Statutes § 53a-102 (a), and one count of larceny in the sixth degree in violation of § 53a-125b (a), arising from an incident that occurred on October 18, 1989. The four charges were contained in two separate informations and were consolidated for trial to a jury. On appeal, the defendant raises two claims. First, he asserts that the trial court was incorrect in denying his motion to sever the two informations and in failing to instruct the jury that it was to deliberate on the evidence presented in each case separately. Second, the defendant challenges the trial court's jury instructions on the burden of proof. We affirm the judgment of the trial court.

The jury could have reasonably found the following facts. On October 17, the victims, who resided in Milford, were out of town. A neighbor was watching their house and feeding the family cat. When the neighbor let the cat out on the morning of October 17, everything in the house was in order. On returning later that afternoon, the neighbor discovered that the house had been burglarized. The police were called and determined that the burglar had entered the house by prying open the rear door. After being summoned by their neighbor, the victims returned to their home, took an inventory of their property and determined that approximately $17,000 worth of items had been stolen. The stolen items included a forty-six inch television, a video cassette recorder, a twenty-five inch television, silverware, children's video tapes, several jeweled rings, some costume jewelry, and numerous articles

of clothing. Among the stolen items of clothing was a blue denim jacket.

The next day, October 18, at approximately 3 a.m., Milford Police Officer Robert Nash arrived at the same house to investigate a report of a burglary in progress. Nash determined that someone had gained access to the premises by breaking a window. The officer saw a light flicker on and off in the kitchen, and then observed the defendant attempting to slide a mattress out through the door to the deck. When Nash identified himself, the defendant ran from the scene. The defendant was arrested a short time later in the backyard of a nearby house. When arrested, the defendant was wearing a jacket later identified by one of the victims as the one stolen on October 17. Inside the pocket of the jacket was a slip of paper bearing the name, address and phone number of one of the victims.

I

## MOTION TO SEVER

The defendant moved to sever the two cases, asserting that a joint trial would likely result in substantial injustice and prejudice to him. After a hearing, the trial court denied the defendant's motion to sever. The court ruled that the evidence in both cases would overlap and that two trials would result in unnecessary duplication.

General Statutes § 54-57[1] and Practice Book § 829[2] authorize a trial court to try a defendant jointly on two

---

[1] General Statutes § 54-57 provides: "JOINDER OF OFFENSES OF THE SAME CHARACTER. Whenever two or more cases are pending at the same time against the same party in the same court for offenses of the same character, counts for such offenses may be joined in one information unless the court orders otherwise."

[2] Practice Book § 829 provides: "TRIAL TOGETHER OF INDICTMENTS OR INFORMATIONS

"The judicial authority may, upon his own motion or the motion of any party, order that two or more indictments or informations or both, whether against the same defendant or different defendants, be tried together."

or more informations or indictments. The trial court's decision to allow a joint trial will not be disturbed unless the record evinces a manifest abuse of discretion. The discretion of the court to order separate trials should be exercised only when the defendant's rights will be substantially prejudiced by a joint trial. *State* v. *Pollitt,* 205 Conn. 61, 67–68, 530 A.2d 155 (1987); *State* v. *Silver,* 139 Conn. 234, 240, 93 A.2d 154 (1952). It is well settled that when a defendant challenges the court's decision to join separate charges for trial, he must show that the court's refusal to sever resulted in substantial injustice and that the resulting prejudice to the defendant was beyond the court's curative jury instructions. *State* v. *Herring,* 210 Conn. 78, 94–95, 544 A.2d 686, cert. denied, 492 U.S. 912, 109 S. Ct. 3230, 106 L. Ed. 2d 579 (1989); *State* v. *Boscarino,* 204 Conn. 714, 721, 529 A.2d 1260 (1987); *State* v. *King,* 187 Conn. 292, 302, 445 A.2d 901 (1982). It is not enough to show that the joint trial was less than advantageous to the defendant.

The state's case relating to the defendant's activity on October 18 was the stronger of the two cases. The defendant claims that because the state's case was stronger on the defendant's complicity in the burglary and larceny crimes perpetrated on October 18 than its case concerning those perpetrated on October 17, joinder of the two cases permitted the jury to consider highly prejudicial evidence of his culpability for the crimes that occurred on October 18 while deliberating his involvement in the burglary and larceny of October 17.

In general, evidence of a defendant's commission of one crime may not be used to prove the defendant's guilt of another crime. *State* v. *Boscarino,* supra. In a joint trial, there is an omnipresent risk that although the quantum of evidence on any one of the charges may, when considered alone, be insufficient to persuade the

jury of the defendant's guilt, the sum of the evidence admitted on all charges will be sufficient for a conviction on all. Id., 721–22. "This risk is greatly enhanced when the offenses joined are factually similar, but legally unrelated." Id.

When the trial court's decision to consolidate cases is challenged, the defendant bears the burden of showing that the joinder of his cases resulted in substantial injustice and that any resulting prejudice could not be avoided by the court's curative instructions to the jury. *State* v. *King,* supra. The factors that the reviewing court should weigh in determining whether the consolidation resulted in prejudice to the defendant include (1) whether the offenses are factually similar but legally unrelated, (2) whether the charges involve discrete, easily distinguishable, factual scenarios, (3) whether the crimes were of a violent nature or involved brutal or shocking conduct by the defendant, and (4) the duration and complexity of the trial. *State* v. *Herring,* supra, 95; *State* v. *Boscarino,* supra, 722–23. If we find that any of these factors caused prejudice to the defendant, we must then decide whether the trial court's instructions cured any prejudice that might have resulted from their existence. *State* v. *Horne,* 215 Conn. 538, 547, 577 A.2d 694 (1990); *State* v. *Herring,* supra; *State* v. *Boscarino,* supra, 722–24.

In applying these standards to the case before us, we conclude that the trial court's decision not to sever was correct. The offenses are factually similar and legally related. The fact that two burglaries and two larcenies were committed at the same house, within a twenty-four hour period, may be indicative that the perpetrator is the same for each. In order for the state to prove that the defendant was responsible for the offenses of October 17 it had to prove that the defendant was in the house on that date. This was established by the tes-

timony of one of the victims that the jacket was stolen on October 17 and that the defendant was wearing it on October 18 when he was arrested. If there was a separate trial for the burglary and larceny of October 17, testimony that the defendant was wearing the jacket stolen on that day during the burglary on the next day would have been admissible.

In addition, the case was not complicated. The case was tried and a verdict was returned in two days. The jury heard testimony from only seven state's witnesses. As was his right, the defendant offered no evidence in the case, putting the state to its burden of proof. The state's first and second witnesses, a neighbor of the victims and a police officer, testified about the October 17 offense. Sergeant Henry Povinelli testified that he first met the defendant after he was arrested for the October 18 burglary wearing the jacket that was reported stolen on the previous day. One victim testified about her inventory of the premises after the October 17 burglary. She testified that she saw the defendant at 3 a.m. on October 18 wearing the jacket stolen the previous day. After the victim testified, two police officers testified about their response to the burglary of October 18 and the fact that the defendant was apprehended wearing the blue denim jacket reported as stolen on October 17. The evidence was presented in a clear, orderly manner and was readily distinguishable in its application to each offense. The evidence did not indicate brutal or shocking conduct by the defendant. In addition, the trial court, pursuant to a request from the defendant, gave a supplemental charge to the jury with respect to the two separate informations. The trial court instructed the jury that the defendant was being tried for "four separate crimes and that it could convict him on all of them, acquit him on all of them or acquit him on some while convicting him on others . . . ." This supplemental charge was given after the

defendant took an exception to the initial charge. The defendant did not except to this supplemental charge and did not seek further explanation on the separation of charges. The record discloses no manifest abuse of discretion. The trial court's decision to join the offenses was proper and caused no substantial injustice or prejudice to the defendant.

## II

### THE REASONABLE DOUBT CHARGE

The defendant raises two objections to the trial court's supplemental instructions on reasonable doubt. First, the defendant claims that the trial court incorrectly instructed the jury that "reasonable doubt is a doubt for which a valid reason can be assigned." The defendant correctly states in his brief that our Supreme Court has rejected similar claims of error in *State* v. *Findlay,* 198 Conn. 328, 345–46, 502 A.2d 921, cert. denied, 476 U.S. 1159, 106 S. Ct. 2279, 90 L. Ed. 2d 721 (1986), and in *State* v. *Leecan,* 198 Conn. 517, 538, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986). The defendant attempts to distinguish this case from *Findlay* and *Leecan* by his assertion that this charge was given in a supplemental charge and not in the original charge. We find no merit to the defendant's claim. Similar language was specifically approved in *State* v. *Ryerson,* 201 Conn. 333, 342–43 n.2, 514 A.2d 337 (1986), and in *State* v. *Lamme,* 19 Conn. App. 594, 607–608, 563 A.2d 1372 (1989), aff'd, 216 Conn. 172, 579 A.2d 484 (1990).

Second, the defendant claims that the court's definition of reasonable doubt as "the kind of doubt that in the serious affairs that concern you in your everyday life, you would pay heed and attention to." The defendant asserts that this definition is similar to a definition cited with disapproval in *State* v. *Smith,* 210 Conn. 132, 147–48, 554 A.2d 713 (1989).

In *Smith,* the court upheld the charge but cited with disapproval the following language. "One which you as reasonable and prudent men and women would be willing to *act upon* in the more weighty and important matters relating to your own affairs." The Supreme Court in *Smith* and in *State* v. *Johnson,* 214 Conn. 161, 177–80, 571 A.2d 79 (1990), disapproved of the language "willing to act upon" and stated its preference for the language "causing one to hesitate." The Supreme Court in both cases found that the difference in phraseology does not constitute reversible error in an otherwise adequate charge upon reasonable doubt. In this case, the language is similar to the language approved in *State* v. *Lamme,* supra, 607–608 n.6. Considering the charge on reasonable doubt as a whole, we find that it adequately defines the standard of proof in a criminal case.

The judgment is affirmed.

In this opinion the other judges concurred.